### ROMAIN v. GARTH.

*Practice — entry of release of judgment cannot be attacked in collateral proceeding —Amendment — of complaint when allowed — Laches.*

In an action upon a judgment it appeared that the judgment had been released and an entry made on the county clerk's records to that effect. *Held*, that a motion by plaintiff to cancel the entry of release, on the ground that the release was fraudulently made, was properly denied. The release could not be attacked nor the entry avoided, save in a direct proceeding for that purpose.

The action was commenced April 25, 1873, and the plaintiff's attorney then knew of the release. In August, 1874, plaintiff moved to amend the complaint by setting up that the release was null and void and fraudulently made. *Held*, that the amendment should be allowed, and that so much time had not elapsed before the motion as to justify the court in holding that the plaintiff should be barred in showing the facts.

APPEAL by plaintiff from an order at the special term denying a motion made by plaintiff for a cancellation of an entry that the judgment upon which the plaintiff sued had been released, such entry being made by the clerk of the county of New York on the

docket of the judgment. Also an appeal by the plaintiff from an order denying leave to amend the complaint in this action by inserting allegations as to the validity of said release, and claiming that the defendant be enjoined from giving said release in evidence on the trial of this action, and that said release be given up to be canceled.

The action was brought by John Romain, as continuing partner of the firm of Schanck & Romain, against David J. Garth, as executor of the last will and testament of John M. Odell, deceased, and others, upon a judgment recovered by said firm of Schanck & Romain against John M. Odell and another. The answer of defendant Garth set up among other defenses the release of the judgment sued upon. The action was commenced on the 25th of April, 1873, by a service of summons and complaint; and the answer was served in the month of May following. At the time of the commencement of the action plaintiff's attorney knew of the release, and the same was entered upon the records of the clerk of New York county. In March, 1874, plaintiff moved to have the entry of release canceled of record, upon the ground that the release was fraudulent and without consideration, and also of numerous irregularities.

In August, 1874, the plaintiff moved to amend the complaint by setting up that the firm of Schanck & Romain was, before the release was executed, dissolved; that it was agreed that plaintiff should be the liquidating partner, and that no debt due the firm should be compromised without the mutual consent of the partners; that the release in question was given by said Schanck to said Odell; that no consideration was given therefor, but the same was executed in consequence of a fraudulent collusion between said Schanck and said Odell.

The court, at special term, in denying the motion, made the following memorandum:

"Donohue, J. I think the amendment asked is really substituting a new cause, and on facts fully within plaintiff's knowledge when he commenced. It is rather late."

Such other facts as are material appear in the opinion.

*Abraham C. Merritt* and *George W. Lord*, for appellant.

*Sackett & Lang*, for respondents.

LAWRENCE, J.  I am of opinion that the first motion was properly denied.  It would be anomalous for the court on a mere motion in this action to adjudge that an entry, on its face duly made by the clerk of the county, on the docket of a judgment in another action, that said judgment had been released, was void for the reason that the release was invalid or that the entry had been fraudulently made.  The release cannot be attacked nor the entry avoided save in a direct proceeding or suit for that purpose.

I am, however, of the opinion that the second motion should have been granted.  Although it appears that the attorney for the appellant knew of the existence of the release at the time this action was commenced, I do not think that the plaintiff should be precluded by the laches of his attorney from setting up in his complaint that the release was for any reason null and void, or that it was fraudulently made, and I do not think that so much time had elapsed before the motion was made as to justify the court in holding that the plaintiff should be barred from showing the invalidity of the release, if it is in fact invalid.

The court has the power to allow the amendment which is asked for, and on proper terms it should be granted.  *Gray* v. *Brown*, 15 How. 556; Code, § 173.

Upon payment of all the costs in the action, and disbursements up to the present time, and costs of motion, the plaintiff may have leave to amend his complaint, as moved for.

On these conditions the second order appealed from should be reversed, without costs.

The first order appealed from is affirmed, with costs.

*Ordered accordingly.*